UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10223-NMG

UNITED STATES

V.

SIR DAWAYNE HICKS

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendant, Sir Dawayne Hicks, appeared before this Court for a detention hearing on January 11, 2006, pursuant to an indictment charging him with violating 21 U.S.C. §§ 841(a)(1) (distribution of cocaine base). At the hearing, the government was represented by Assistant United States Attorney Cynthia W. Lie and Mr. Hicks was represented by Attorney Joseph F. Krowski, Jr. The government moved to detain Mr. Hicks pursuant to 18 U.S.C. §§ 3142 (f)(1)(B) (maximum sentence of life imprisonment or death), (f)(1)(C) (the offense carries a potential of ten or more years imprisonment pursuant to the Controlled Substances Act), (f)(1)(D) (criminal recidivism), and (f)(2)(A) (serious risk of flight).

In that an indictment is extant, probable cause exists to believe that Mr. Hicks committed the offense with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). At the January 11 detention hearing, therefore, the Court heard testimony and arguments from the government and Mr. Hicks only on the matter of detention. The following recounts the evidence and analysis underlying the Court's ruling from the bench that Mr. Hicks be DETAINED because no condition or combination of conditions will reasonably assure his appearance at trial and the safety of any other person and the community if he was released pending trial.

During the detention hearing, the government offered the credible testimony of Special Agent Robert White, which includes the following averments. Special Agent White is an agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and has worked for the past three and one half years primarily on the south shore of Massachusetts. He is one of the case agents that was involved in the investigation that commenced in February 2005 and led to the current indictment against Mr. Hicks.

On February 18, 2005, a controlled purchase of cocaine base (crack cocaine) occurred between a cooperating witness ("CW") and Mr. Hicks. The CW contacted Mr. Hicks and arranged to meet him in a parking lot at a Staples store

2

located on Belmont Street in Brockton, Massachusetts ("the location"). Special Agent White and another agent, Special Agent Ken Croake, followed the CW to the location. The CW's vehicle was equipped with a video recording device and transmitter.

The CW received a telephone call from Mr. Hicks and then a vehicle in which Mr. Hicks was riding pulled up next to the CW's vehicle. The driver of Mr. Hicks's vehicle was later identified as Mr. Hicks's brother. Mr. Hicks exited his vehicle, entered the passenger seat of the CW's vehicle, and instructed the CW to drive around the parking lot. While driving around the parking lot, the CW gave Mr. Hicks $250 and Mr. Hicks gave the CW approximately five (5) grams of crack cocaine. Before Mr. Hicks exited the CW's vehicle, the CW expressed his interest in purchasing a gun from Mr. Hicks. Mr. Hicks responded that he could get the CW a gun. Mr. Hicks then exited the CW's vehicle and returned to the vehicle being driven by his brother. On cross-examination, Special Agent White testified that the ultimate goal of the transaction was for the CW to purchase a gun from Mr. Hicks.

In addition to being present in the parking lot at the time of the drug transaction, Special Agent White also reviewed the surveillance video from the transaction and observed Mr. Hicks enter the vehicle, instruct the CW to drive

3

around the parking lot, receive $250 from the CW, and pass the drugs to the CW.

Following the transaction, the CW also identified Mr. Hicks through a photograph

as the person from whom he had just purchased drugs.[1]

On August 24, 2005, agents obtained an arrest warrant for Mr. Hicks, and

on August 25, 2005, went to Mr. Hicks's parents' residence in Brockton,

Massachusetts, to arrest him.  Mr. Hicks' mother answered the door and told

agents that she did not know where he was.  From August 25, 2005, to January 6,

2006, when Mr. Hicks voluntarily turned himself in, agents were unable to locate

Mr. Hicks.  Additionally, while the federal warrant was pending, Special Agent

White learned that Mr. Hicks had another arrest warrant pending in Brockton

District Court for the assault and battery of a Brockton Police sergeant.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal

defendant pending trial upon a determination that "no condition or combination of

conditions will reasonably assure the appearance of the person as required and the

safety of any other person and the community. . . ." 18 U.S.C. § 3142(e); United

States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990).  "With regard to risk of

flight as a basis for detention, the Government must prove by a preponderance of

---

[1]Special Agent White testified, on cross-examination, that the CW was shown only one photograph.  He contends that the photograph did not contain any identifying factors indicating that it was Mr. Hicks.

4

the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See DiGiacomo, 746 F. Supp. at 1181 (citing United States v. Jessup, 757 F.2d 378, 381-82 (1st Cir. 1985)).

The issue of whether the defendant poses a danger to the community has a different requirement. The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432 (W.D. Ark. 1987), aff'd, 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988).

However, in cases involving violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which the defendant may be imprisoned for ten (10) or more years, there is a rebuttable presumption that there is "no condition or set of conditions [that] will reasonably assure the appearance of the person and the safety

of any other person and the community." 18 U.S.C. § 3142(e). This rebuttable

presumption operates to shift the burden of production, but not the burden of

persuasion, to the defendant. See Jessup, 757 F.2d at 381. The rebuttable

presumption reflects Congress's belief that narcotics traffickers have the resources

and contacts to flee to other countries, and that they pose particular risks of

recidivism if released pending trial. United States v. Arroyo-Reyes, 32 F.3d 561,

1994 WL 440654, *3 (1st Cir. 1994) (Table) (per curiam) (citing United States v.

Palmer-Contreras, 835 F.2d 15, 17 (1st Cir. 1987) and United States v. Williams,

753 F.2d 329, 335 (4th Cir. 1985)). See also United States v. Portes, 786 F.2d

758, 765 (7th Cir. 1985). Nevertheless, because of the interference of pre-trial

detention with the "importan[t] and fundamental . . . right" of liberty, United

States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a

finding lightly. The Court's independent analysis regarding detention is governed

by the rubric set forth in 18 U.S.C. § 3142(g).

First, the Court looks to the nature and circumstances of the offense charged

against Mr. Hicks. It is beyond peradventure that the controlled substance at issue

in this case, crack cocaine, is a significant problem for this society.

Second, the Court considers the weight of the evidence against Mr. Hicks. As noted previously, there is probable cause to believe that the defendant committed the offense with which he is charged.  Vargas, 804 F.2d at 162-63.

The Court's third inquiry relates to the individual defendant.  As the Court stated during the detention hearing, Mr. Hicks's record is replete with serious charges.  Mr. Hicks has multiple drug-related convictions as well as convictions for assault and battery with a dangerous weapon and resisting arrest, all of which cause concern for the Court regarding Mr. Hicks's potential danger to the community.

Additionally, Mr. Hicks's outstanding state court warrants and the fact that agents were unable to locate him until he turned himself in indicate that Mr. Hicks also poses a flight risk.  At the tine of the detention hearing Mr. Hicks had not yet been interviewed by Pretrial Services and Mr. Hicks presented no evidence to overcome the presumptions that apply in this case.[2]

Therefore, after considering all evidence currently before the Court, and the presumption of 18 U.S.C. § 3142(e)-(f), the Court concludes, by clear and

---

[2]Mr. Hicks stated at the hearing that he would consent to detention without prejudice pending his interview with Pretrial Services.  On the basis of the evidence before the Court, however, the Court ordered him detained.  If he wishes to seek review of this Order following a Pretrial Services interview he may, of course, do so.

convincing evidence, that SIR DAWAYNE HICKS poses a danger to the

community and, by a preponderance of the evidence, that he poses a risk of flight,

neither of which can be vitiated by any condition or combination of conditions of

release.  Accordingly, the Court ORDERS him detained pending trial.  Further,

pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

1.    The defendant be, and hereby is, committed to the Custody of the Attorney
      General for confinement in a corrections facility, separate, to the extent
      practicable, from persons awaiting or serving sentences or being held in
      custody pending appeal;

2.    The defendant be afforded reasonable opportunity for private consultation
      with his counsel; and

3.    On order of a court of the United States or on request of an attorney for the
      government, the person in charge of the corrections facility(s) in which the
      defendant is confined shall deliver the defendant to an authorized Deputy
      United States Marshal for the purpose of any appearance in connection with
      a court proceeding.

      Review of this Order may be obtained by Mr. Hicks's filing of a motion for

revocation or amendment pursuant to 18 U.S.C. § 3145(b).

SO ORDERED.

1/24/06                                    /s/ Joyce London Alexander
Date                                       United States Magistrate Judge

8