

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

REDACTED

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

February 8, 2006

**VIA FEDEX**
Joseph F. Krowski, Jr.
30 Cottage Street
Brockton, MA 02301
508-584-2555
Fax: 617-588-6035

    Re:  <u>United States v. Sir Dawayne Hicks 04CR10223 NMG</u>

Dear Mr. Krowski:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery, Bates numbers 1 through 74, much of which you have already received in connection with the detention hearing in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant's in the possession, custody or control of the government, which are known to the attorney for the government at this time.

    b.    <u>Recorded Statements</u>

    Enclosed in the Bates numbered documents.

    c.    <u>Grand Jury Testimony of the Defendant</u>

    The defendant did not testify before a grand jury in relation to this case. You have already received the grand jury testimony of S/A White, as Jenks for the detention hearing.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following reports reference oral statements to then known government agents:

Enclosed in Bates numbered documents.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed in Bates numbered documents.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendants' defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected and reviewed by contacting ATF Special Agent White directly at 617-557-1284 and setting up a mutually convenient time to conduct such inspection.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed in the Bates numbered documents is a copy of State Laboratory Report No. 742453 and 742453R analyzing the crack cocaine the CW purchased from Hicks on February 18, 2005.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

The attorney for the government is unaware of any search materials pursuant to this section.

C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.    <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

Enclosed are the recordings (E-8, E-9, videotapes E-10, E-11, E-12) of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, involving the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  **Unindicted Co-conspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy charged.

F.  **Identifications under Local Rule 116.1(C)(1)(f)**

The CW was shown the enclosed photograph of Hicks from the Cops-FR web site (Bates number 65); the CW identified the photograph as the individual who had sold the CW the crack cocaine.

G.  **Agency Reports and Investigatory Materials**

Although it is the government's position that the production of the following may not all be required at this time under either Federal Rule of Criminal Procedure 16 or Local Rule 116, the government hereby provides copies of additional agency reports and investigatory materials in the Bates numbered documents enclosed, including redacted ATF Reports of Investigation: 1 report dated February 23, 2005, regarding telephone conversation between CW and Hicks, 2 reports dated February 24, 2005, concerning the purchase of crack cocaine and the debrief of the CW.

H.  **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The attorney for the government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The attorney for the government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or

3

exclude.

    3.    Promises, rewards, or inducements have been given to witnesses whom the government anticipates calling in its case-in-chief as follows:

Pursuant to Local Rule 116.6(A), the government declines and objects to identifying the CW at this time in order to protect the safety of this witness, as it would be detrimental to the interests of justice to currently make these identity disclosures. However, redacted copies of the following documents concerning promises, rewards, or inducements are enclosed: CW agreement (Bates #73); the CW was also paid, as set forth in Bates #74.

    4.    The government is aware that the CW has a criminal record, a redacted copy is enclosed as Bates numbers 66-72. Pursuant to Local Rule 116.6(A), the government declines and objects to identifying the CW at this time in order to protect the safety of this witness, as it would be detrimental to the interests of justice to currently make these identity disclosures. The government is prepared to identify the CW at a reasonable time before trial.

    5.    The attorney for the government is unaware of any pending criminal actions concerning any witness the government intends to call in its case-in-chief.

    6.    The attorney for the government is unaware of any percipient witness who failed to make a positive identification of defendant with respect to the crimes at issue.

H.    <u>Other Matters</u>

The attorney for the government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi as to the events charged in the indictment that you have already received.

     Please call the undersigned Assistant U.S. Attorney at 617-748-3183 if you have any questions regarding discovery or any other matter.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

            By:

                            CYNTHIA W. LIE
                            Assistant U.S. Attorney

Enclosures

cc:   Clerk to the Honorable Magistrate Joyce L. Alexander
      (w/o enclosures and redacted)