```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
      Plaintiff,              )
                              )
      vs.                     )Docket No:1:005-cr-10223-NMG
                              )
SIR DAWAYNE HICKS             )
                              )
      Defendant,              )
```

DEFENDANT'S MOTION TO LIMIT THE SCOPE OF HIS
RULE 11 HEARING SCHEDULED FOR MARCH 29, 2007

The defendant, Sir Dawayne Hicks, moves this court to limit the scope of his anticipated Guilty Plea by allowing him to enter a plea of Guilty to the charge of distribution of a controlled substance, cocaine in violation of 21 U.S.C. 841(a)(1) without admitting the composition or the quantity of the substance.  As reasons therefore the defendant asserts the following:

1.  The indictment alleges that the defendant did knowingly and intentionally possess with intent to distribute, and distribute, a quantity of cocaine base, also known as "crack cocaine," a Schedule 11 controlled substance in violation of 21 U.S.C. 841 (a)(1).

2.  The indictment also contains a provision which alleges in part that the transaction involved an amount of crack

cocaine of at least 5 grams or more in violation of 21 U.S.C. 841(b)(1)(B)(iii).

3. The government objects to this motion and takes the position that a guilty plea represents an admission to composition and to quantity.

4. The defendant suggests this paragraph in the indictment merely represents an enhancement provision for the purposes of advising the defendant of the applicable statutory maximum.

5. This circuit has held that when an indictment alleges a drug quantity of "at least" a specified amount, the sentencing court is free to attribute whatever drug quantity the evidence warrants to a defendant as long as the defendant's sentence does not exceed the statutory maximum.  <u>United States, v. Perez Ruiz</u>, 353 F3d. 1 (1st Cir. 2003).

6. A certificate of analyses from a Commonwealth of Massachusetts state laboratory places the weight at 5.57 grams, a mere .57 grams over the minimum mandatory threshold.  The defendant anticipates filing a motion for independent testing to be conducted on the alleged cocaine to determine composition and quantity, such testing to occur after the Rule 11 Hearing, but prior to sentencing.

7.  A ruling on this motion will allow the defendant to make a more knowing and voluntary waiver of his rights.

                                        By his attorney,


                                        /s/ Joseph F. Krowski Jr.
                                        JOSEPH F. KROWSKI JR.
                                        30 Cottage Street
                                        Brockton, MA. 02301
                                        508-584-2555

Dated:  March 27, 2007


**CERTIFICATE OF SERVICE**

I, Joseph F. Krowski Jr., do hereby certify that on this 27th day of March, 2007, I served a copy of the Defendant's Motion to Limit The Scope Of The Rule 11 Hearing (By electronic filing and mail) upon: The Office of the United States Attorney.


/s/ Joseph F. Krowski Jr.
Joseph F. Krowski Jr.

3